## Case No. 5,158.

### In re FUNKENSTEIN.

[3 Sawy. 605;[1] 14 N. B. R. 213; 8 Chi. Leg. News, 345; 3 Cent. Law J. 448; 3 N. Y. Wkly. Dig. 92.]

District Court, D. California. April 18, 1876.

Joseph Naphtaly, for petitioning creditors.
David Freidenrich, for opposing creditors.

HOFFMAN, District Judge. The petition against the bankrupt in this case was filed on the ninth of April, 1875. It contained the usual averment that the petitioners constituted one-fourth in number of the creditors of

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the bankrupt, and that the aggregate of their debts, provable under the act [of 1867 (14 Stat. 517)], amounted to at least one-third of the debts so provable.

On the return day of the order to show cause the bankrupt made default and he was adjudged bankrupt. The order was in the form prescribed by the supreme court under the original act. It was not modified to accommodate it to the provisions of the amended act of June 22, 1874 [18 Stat. 178]. With respect to the allegations of the petition the court adjudged "that the facts set forth in the petition were true."

On the twenty-ninth of April the bankrupt filed his duly verified schedules, setting forth his debts and liabilities. On the twenty-first day of May, 1875, the bankrupt filed his petition for discharge. This was opposed by several of his creditors, who also moved that the adjudication be set aside, and the proceedings vacated and dismissed, on the ground that the requisite number of creditors had not joined in the petition, and the debts due them were not of the amount required by the act. The matter was referred to the register, whose report is admitted to be true. It appears that the petition was signed by seven creditors, representing in the aggregate $4,292 of indebtedness.

By the bankrupts' own schedules it appeared that the number of his creditors whose claims are undisputed are thirty-eight, and the aggregate of the indebtedness due them is $115,062.76. These schedules were offered in evidence before the register and their accuracy admitted. It thus appears that the petitioning creditors constitute less than a fifth in number of all the creditors, and the debts due them amount to less than a twentieth of the total indebtedness of the bankrupt. Had these facts appeared on the return day of the rule to show cause the petition would have been dismissed as of course.

The question presented is, can the court now take notice of them, and if so, what action should be taken. The statute provides that if on the return day the debtor "shall admit in writing that the requisite number and amount of creditors have petitioned the court, if satisfied that the admission was made in good faith, shall so adjudge, which judgment shall be final, and the matter proceed without further steps on that subject." And if it shall appear that such number and amount have not so petitioned, the court shall grant a reasonable time not exceeding ten days within which other creditors may join in such "petition." If, at the expiration of that time, the requirements of the statute are complied with, the matter may proceed. If not, it is to be dismissed.

It will be observed that these provisions contemplate two cases. The first where the debtor admits in writing the allegations of the petition with regard to the number and amount of creditors, and the second where those allegations are denied. No provision is made for cases where the debtor neither admits nor denies, but merely makes default. In the first case the court is required, if satisfied that the admission was made in good faith, to so adjudge, which judgment is final. In the succeeding section the provisions seem to embrace cases of default as well as those where the bankrupt admits the facts. It enacts in substance that if on the return day of the order to show cause the court shall be satisfied that the requirement of the act as to the number and amount of creditors has been complied with, or if within the prescribed time creditors sufficient to make up the required number and amount shall sign the petition, the court shall so adjudge, "which judgment shall be final."

It will be noticed that the form of the adjudication in the case at bar very imperfectly complies with these requirements. The act seems to contemplate a distinct and explicit judicial finding of the fact that the requisite number and amount of creditors have petitioned. And the judgment of the court on that point is made final. The form used merely finds that the allegations of the petition are true. This form, as before stated, is prescribed by the supreme court. It has not been modified since the passage of the amended act. The propriety of inserting the more explicit judgment which the act seems to contemplate has been overlooked. But I do not consider that this irregularity is fatal to the proceeding. The judgment of the court that the allegations of the petition are true, embraces all the allegations of the petition, as well those relating to the number and amount of the petitioning creditors as the other necessary averments. The court has in fact passed upon the truth of those allegations as much as on that of the allegations of the residence of the plaintiff, and the date and existence of the act of bankruptcy, which are also facts necessary either to give the court jurisdiction or to authorize the proceeding. The mere circumstance that its judgment has not been so explicit on one point as the act would seem to contemplate ought not to defeat the proceeding. The inconvenience and hardship of so holding would be very great, for the same form has been followed in all cases of involuntary bankruptcy in this district, and it is presumed in many others. The clerks have no doubt very generally contented themselves with following the forms prescribed by the supreme court.

The briefs of counsel in the case at bar discuss the question whether the averment with regard to the number and amount of creditors is a jurisdictional averment. On this point the opinions of the district judges are conflicting. The learned judge of the district court for the Eastern district of Michigan, holds that to give the court jurisdiction, the petition must contain a clear, consistent and explicit allegation as to the proportionate number of creditors petition-

ing, and the amount of debts represented by them. For the want of such an allegation he vacated the order to show cause, and refused to allow an amendment. In re Rosenfields [Case No. 12,061].

In Ex parte Jewett [Id. 7,303], Lowell, J., the learned judge for the district of Massachusetts. held that the insertion of the name of one of the creditors instead of that of the debtor, by a clerical mistake, did not vitiate a proceeding under the act to effect a composition, and that notwithstanding the error there was "a case in bankruptcy pending against the debtor." In this case there had been no adjudication. The views of Lowell, J., were adopted by the learned judge of the Southern district of New York, in the recent case of In re Duncan [Cases Nos. 4,131, 4,132, and 4,133], where the point raised in the case at bar was distinctly adjudged. In the two previous cases the point upon which the judges differed was whether it was necessary, in order to give jurisdiction, that the petition should contain a clear, explicit, and consistent allegation that the requisite number and amount of creditors had joined in the petition.

In the case at bar as in that of In re Duncan the petition contains the requisite allegation, and the question really is, can the inquiry as to whether that allegation be true be reopened after the court has, on the return day of the rule to show cause, adjudged that it is? Blatchford, J., held that the provision of the statute, which declares that the judgment of the court on the point shall be final, forbids the reopening of the question at any subsequent stage of the proceeding, unless fraud be alleged and proved. His language is: "Unless this be so, there is no necessary limit to the number of times the court may be required to re-examine the question thus declared to be finally adjudged. I speak now of an allegation merely that the court has erred, and not of an allegation of fraud or bad faith."

In these views I concur. I think the finalty, attributed by the act to the judgment of the court, does not mean merely that no appeal shall lie from its judgment, but that the matters so adjudged shall not be thereafter re-examinable even by itself. But I do not consider that congress meant to deprive the court of its inherent right, where fraud and imposition have been practiced upon it, to apply the remedy. The ground upon which the present motion is based is merely the insufficiency in number and amount of the petitioning creditors. In the brief of counsel fraud and bad faith are charged. There is certainly much color for this accusation. The gross disparity between the aggregate of provable debts due the petitioning creditors, and the total amount of the bankrupt's indebtedness, vehemently suggests the suspicion that both parties must have known that the allegation that they represented one-third of his entire indebtedness was untrue. The creditors could have been at little pains to ascertain the facts if they supposed $4,292 to be one-third of an indebtedness which twenty days subsequently to the filing of the petition the bankrupt stated under oath to be $115,062 76.

For some reason the opposing creditors failed to prove their debts before the election of an assignee. The assignee was therefore chosen by the petitioning creditors. He reports that no assets whatever have come into his possession.

The counsel for the petitioning creditors intimate in their brief that the object of the opposing creditors in procuring the adjudication to be set aside, is to obtain the benefit of certain judgment liens on the real estate of the bankrupt. But if so, why has the assignee failed to find the real estate? and why have they failed to point out to the assignee of their own selection assets which it is his duty to collect and distribute amongst all the creditors? The bankrupt, about two years ago, was adjudged bankrupt, but denied his discharge. The debts set forth in his schedule seem to have been contracted since the former adjudication. He claims that the debts from which he then sought to be discharged are barred by the statute of limitations. Under all the circumstances, I think it proper that the opposing creditors should have an opportunity to allege and prove, if they can, fraud, bad faith or collusion in obtaining the adjudication.

I therefore deny the motion as it is now made, but leave is given to renew it on the ground of fraud, bad faith or collusion.