device. This distinction, not properly understood, seems to be the ground of confusion indicated in the reasons stated in the decision.

I have carefully considered the case, and am satisfied that there is error in the commissioner's decision, and therefore do hereby reverse and annul the same, and do hereby direct that a patent be issued as prayed.

## Case No. 9,033.

### In re MANN.

[13 Blatchf. 401; [1] 14 N. B. R. 572.]

Circuit Court, N. D. New York. June 7, 1876.

BANKRUPTCY — REQUISITE NUMBER OF CREDITORS
—PETITION—BELIEF—OATH.

1. In a petition in involuntary bankruptcy, under section 39 of the act of March 2d, 1867 (14 Stat. 536), as amended by section 12 of the act of June 22d, 1874 (18 Stat. 180), it is sufficient to state upon belief, without averring either knowledge or information, that the petitioning creditors constitute the required number, and that their debts constitute the required amount.

[Cited in Re Roberts, 71 Me. 392.]

2. Where the petition is in such form, the oath to it is not insufficient, if it is the form of oath prescribed in form No. 54 of the forms in bankruptcy, although such form of oath purports to cover only matters which are stated on knowledge and matters which are stated on information and belief.

[In review of the action of the district court for the Northern district of New York.]

[In the matter of Henry A. Mann, an alleged bankrupt.]

E. F. Bullard, for petitioners.

JOHNSON, Circuit Judge. The petition of review brings up for consideration the decision of the district judge upon a demurrer to a petition in involuntary bankruptcy. The alleged defect in the petition consists in this, that the creditor's petition states upon belief, without alleging either knowledge or information, that she constitutes one-fourth in number of the creditors of the alleged bankrupt whose demands exceed $250 and are provable; and that her demand constitutes one-third of the provable debts, under the act.

The 32d of the general orders in bankruptcy, adopted by the supreme court, April 12th, 1875, ordains, that the several forms specified in the schedules annexed to the former general orders, for the several purposes therein stated, shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case. Among the forms thus sanctioned was that of a creditor's petition, No. 54, in which is contained the allegation of the petitioning creditor, that he "believes" that said debtor "owes debts to an amount exceeding the sum of three hundred dollars." Now, that

circumstance is as essential as any other to make out a case for involuntary bankruptcy under the statute. It is sufficiently averred, as matter of pleading, by the averment that the petitioner so believes. If we look to the reason of it, belief upon such a subject is all that, in the nature of things, a stranger can have. Information is important only as leading to belief, unless the sources of information, and the details obtained, are to be set forth, and the court is to judge as to the greater or less probability of truth of the information obtained. But, as pleading, this is quite irrelevant. In pleading, the party is to make his allegations, upon subjects that lie within his personal knowledge, positively, but, upon other points, belief, equally with information and belief, suffices to present an issue. The facts stated on belief in this case, which have been before adverted to, relating to the question whether a sufficient proportion, in number and amount, of creditors have united in the petition, are of the same general character as that fact which the supreme court has directed to be stated on belief. It is, at least, as easy for a petitioning creditor to know, or to be informed, that the debtor owes more than $300, as it is that he should know, or be informed, that one-fourth in number and one-third in amount of creditors have united in the petition; and the same reason which makes the former sufficient ought to cover the latter.

The special provision of the statute, enabling the debtor to controvert this particular allegation, and the court in that case to require of him a complete list of his creditors, and the further provision, that, in case a sufficient number and amount of creditors have not joined, a reasonable time shall be granted for other creditors to unite in the petition, seem to me to show that no substantial purpose would be served in holding that an averment on belief is not sufficient.

There is no novelty in holding, that, as matter of pleading, an allegation upon belief is sufficient. Such was the established rule in respect to sworn pleadings in the court of chancery in New York, where the matters stated, charged, averred, admitted or denied, were required to be stated positively, or upon information or belief only, according to the fact (N. Y. Ch. Rules, No. 18, Ed. 1839); and either mode of statement was sufficient as a pleading.

In re Joliet Iron & Steel Co. [Case No. 7,436]; In re Scammon [Id. 12,430]; In re Scull [Id. 12,568]; and In re Keeler [Id. 7,638],—are not inconsistent with the views before expressed. None of them go further than to hold that an allegation on information and belief is sufficient, but none of them declares an allegation on belief alone to be insufficient.

In respect to the form of the verification, if that question arises on demurrer (In re

Simmons [Id. 12,864]), it is that prescribed by the supreme court in the form before referred to; and any criticism in respect to the facts stated on belief alone in this case, as not covered by the form of the verification, would be alike applicable to the form sanctioned by the general orders in bankruptcy.

I am, therefore, of opinion, that the learned district judge ought not to have allowed the demurrer; that his order thereupon ought to be reversed; that the allegations of the petition in that behalf should be deemed sufficient; and that the proceedings should be remitted to the district court, to be proceeded in according to law.

## Case No. 9,034.

### MANN v. BAYLISS.

[10 O. G. 789, 113;[1] Merw. Pat. Inv. 356; 9 Chi. Leg. News, 18.]

Circuit Court, N. D. Ohio. April Term, 1876.

PATENT—CLAIM—STATE OF ART—INVENTION—DISCLAIMER.

1. The claims in a patent should be liberally construed, but must be limited by the state of the art, showing the degree of improvement effected.

2. Combining a curved metal receiver with an elevated, instead of a horizontal, delivery involves no invention, and is not patentable.

3. A disclaimer made by an attorney in the prosecution of an application does not necessarily estop the patentee from maintaining that his claim embraces the matter so referred to.

In this cause, complainant's bill recites that he is owner of letters patent of the United States, dated February 28, 1871, being a reissue and extension of letters patent No. 15,044, dated June 3, 1856, said reissued letters patent being numbered 4,281, for an improvement in harvesters, complainant having been one of the original patentees, and having acquired the interest of his co-patentee, Jacob J. Mann, by an assignment from said Jacob's administrator. The improvement consists, in brief terms, in having an elevated side delivery of the cut grain in the straw, by means of an endless apron, whereby the grain is discharged into a stationary receiver, of concave form, from whence, by means of a revolving rake, the teeth of which describe a circle nearly coincident with the circle of which the concave receiver forms a segment, the grain is gathered into gavels of suitable size for binding into sheaves or bundles, and discharged upon the ground. The bill prays answer, account of profits and damages, and injunction in the usual form. The answer denies originality and novelty of the invention, as also infringement, in that whereas by complainant's device the grain is discharged into a receiver which is "concave" in form, the machines constructed by defendant discharge their grain by a slightly-inclined chute from the elevating-apron onto a receiver which is "flat and horizontal,"

[1] [10 O. G. 113 gives only a partial report.]

from which it is taken by the binder without the use of the revolving rake.

On the hearing, the question turned mainly upon the fourth claim of complainant's patent, which is in these words: The stationary concave receiver I, having a continuous surface, arranged as described at the side of a harvesting machine, having an elevated side delivery so as to receive the cut grain from the elevating and delivery apparatus, and collect the same into gavels preparatory to their being discharged from the machine.

Geo. H. Christy and Wm. Bakewell, for complainant.

S. A. Goodwin, for defendant.

Before EMMONS, Circuit Judge.

The following are the conclusions arrived at by the court in this case. The notes of the short-hand reporter were so imperfect as to render anything like a literal reproduction of the judgment impossible. This outline is sanctioned by the court as correct.

Judge EMMONS, at the close of the argument in the afternoon, announced at some length what he termed the strong inclination of his mind, but said as there was an hour or two before adjournment, and no other business would be taken up, he invited the learned counsel for the complainant to discuss the case further in reference to the objections which the court had presented to the injunction asked for. Counsel occupied the time in replying to the suggestions of the judge.

The following morning the court announced judgment substantially as follows:

His honor said that after the very full conversational interchange of opinion during the argument, it was mere matter of form to add anything now. Nothing new would be communicated. A strong sympathy was expressed with those canons of construction which so interpret a claim as to protect what a meritorious invention had created. He was just as much entitled to his right of property as a farmer to his wheat, or the fat which he put upon his animals. If the invention be trivial, and no important change be wrought in the department of labor into which the device was introduced, a less liberal construction of claims should be indulged in, and a less liberal application of the doctrine of mechanical equivalents should be extended.

The fourth claim is alone in controversy here, and its interpretation the only question necessarily to be decided. The answer insists that when properly interpreted the defendant does not infringe, and that if construed so as to include defendant's device, it is antedated by similar receivers before existing. We hold the fourth claim to include the conditions in which this curved metallic receiver could alone be used in the originally patented device. To construe it otherwise, and make it include, as plaintiff's counsel contend, every kind of barrier between the