## IN RE CASSIUS C. ROBERTS.

### Waldo.    Opinion August 3, 1880.

*Stat. 1878, c. 74.    Insolvent debtor.    Petition of creditors; service of; amendment of.    Jurisdiction of insolvent court.*

The service of an attested copy of the creditors' application and the warrant of the judge, provided in stat. 1878, c. 74, § 15, of the insolvent laws of Maine, upon the debtor, is sufficient if left at his last and usual place of abode.

It will be sufficient to give the court jurisdiction in the absence of fraud, if the creditors in their petition allege that they believe that their aggregate debts provable under the insolvent laws of Maine amount to more than one-fourth part of the debts provable against their debtor, and that they further believe and have reason to believe that such debtor is insolvent, and that it is for the best interest of the creditors that the assets of the debtor should be divided as provided by the insolvent law.

Where an insolvent debtor, after an adjudication in insolvency, on examination upon his petition to this court to have such adjudication and proceedings in insolvency declared void because the requisite amount of his creditors did not join in the petition for insolvency, admitting his insolvency and that a large proportion of his creditors are willing to become parties to the insolvency proceedings, declines to answer proper inquiries, his petition will be dismissed — especially when it appears that the only purpose of his petition is to give effect to preferences in fraud of the insolvent law.

It seems that creditors not originally parties to the petition may by leave of court become parties thereto and prosecute the original application the same as the petitioning creditors could have done.

An amendment to the creditors' petition by adding new creditors, it seems would relate back to the commencement of the proceedings in insolvency.

The case is stated in the opinion.

*Wm. H. Fogler,* for the petitioner.

The authority to annul and vacate proceedings in insolvency, has been exercised by the court in Massachusetts under similar statutory provisions. *Thompson* v. *Thompson,* 4 Cush. 127; *Buck* v. *Sayles,* 9 Met. 459; *Cheshire Iron Works* v. *Gay,* 3 Gray, 531; *Claflin* v. *Beach,* 4 Met. 392; *Dearborn* v. *Keith,* 5 Cush. 224; *Phillips* v. *Parker,* 2 Cush. 175; *Kimball* v. *Morris,* 2 Met. 580.

I contend that one condition in proceedings *in invitum* is that the debts due the petitioning creditors, shall amount to more than one-fourth the debts provable against the debtor.    They must

make oath that that is their belief.   After notice to the debtor, the judge must "find the allegations of such application to be true and proved."   To hold that the jurisdiction of the court depends upon the belief of applicants, rather than upon facts, would be an anomaly in jurisprudence.   Under the bankrupt act it was a matter of inquiry for the court, and the admission of the debtor was not always sufficient.   Bump, Bankruptcy, 440, 441.

*Joseph Williamson*, for the respondent.

APPLETON, C. J.   This is a petition under c. 74, § 11, of the acts of 1878.

The petitioner was adjudged an insolvent debtor, upon the petition in due form of certain creditors, alleging their belief, that their aggregate debts amounted to more than one-fourth of the debts provable against the debtor.

The judge of insolvency adjudged that the allegations in the petition were true.   The statute notice was given the debtor by leaving it at his residence.   He failed to appear at the time designated for a hearing, and was adjudged an insolvent debtor. A meeting of creditors was had, and an assignee appointed.   He now seeks to contest these proceedings on two grounds.

1. That he had no notice.   But the statute does not require notice in hand.   It was left at his residence.   True, he was, absent at the time.   That, however does not affect the jurisdiction of the court.   The notice given was in compliance with the statute.

2. That the petitioning creditors do not represent one-fourth part of the debts provable against the debtor.

The petitioning creditors allege their belief that their aggregate debts, provable under the insolvent laws of Maine, amount to more than one-fourth part of the debts, provable against such debtor, and that they further believe and have reason to believe, that said debtor is insolvent, and that it is for the best interests of the creditors, that the assets of the debtor should be divided as provided by the act of 1878, c. 74, and as amended by the act of 1879, c. 131.   The petition contains all the allegations necessary to give jurisdiction.   It is sufficient to state upon belief without averring knowledge or information, that the

petitioning creditors constituted the required number, and that their debts constituted the required amount. *In re Mann*, 13 Blatchf. 401, the judge of insolvency found the allegations true, and acted thereon. He then had jurisdiction.

The petitioner admits his hopeless insolvency, and that the greater part of the creditors have come in, and propose to prove their claims.

Under the bankrupt act of the United States, unless fraud or bad faith is alleged, an adjudication cannot be set aside on the ground that the proper proportion of creditors did not unite in the petition. *In re Butler et al.* 14 Nt. B. R. 14. *In re Funkenstein*, 14 N. B. R. 213. It is not necessary to determine, in this case, whether the same rules apply under the statute relating to insolvents.

In answer to an inquiry relating to a preference given to certain creditors, which the court held, and correctly, to be proper, the petitioner says, "in case of an extended examination on this matter, I should withdraw the petition, and submit to the proceedings in insolvency without any thing further, that point being settled. I base my petition upon that point; if that point is settled, I should withdraw the petition, and submit to the proceedings without any further question."

The point referred to, relates to preferences given to certain creditors in regard to which he is unwilling there should be, "an extended examination." Accordingly, the question proposed was not answered. Refusing or declining to answer pertinent questions, and preferring to withdraw his petition to answering them, he offers to show that the creditors petitioning, do not represent one-fourth of the provable debts against him. Whereupon the court ruled that upon the case presented, the petitioner was not entitled to have the proceedings declared void. In other words, that an insolvent debtor who preferred to have his petition dismissed to answering pertinent interrogatories as to his affairs, and who declined answering such inquiries, was not entitled to have a standing in court.

The ruling was correct. The obvious and avowed purpose of this petition is to make effectual by delay, certain preferences in

regard to which "an extended examination" was deemed undesirable. Proceedings in insolvency, are for the benefit of all the creditors. The effect of sustaining this petition would be to defeat the very object of the statute under which all these proceedings are had.

Besides, the admission is made that the greater part of the creditors are assenting to these proceedings and propose to prove their claims. In the matter of *Oren Hawkes*, 70 Maine, 213, it was held that persons not originally parties to the petition, may by leave of court, become parties to pending proceedings, and intervene for their own protection and that of the creditors generally. The application of a creditor to have the debtor declared a bankrupt, inures to the benefit of all the creditors, any one of whom may come in and prosecute the application if he thinks proper. *In re Freedley & Wood*, Crabbe, 544. He can prosecute the original application in the same manner as the petitioning creditor could have done. *In re Lacey, Downs & Co.* 12 Blatchf. 322.

If the other creditors desire to become parties, there would seem to be nothing to prevent their intervention. An amendment relates back to the commencement of proceedings, and gives effect to the action of the court upon an imperfect petition. *In re Williams & McPheeters*, 6 Bis. 233.

The object of the petition is to defeat the equal rights of all the creditors. It is against the very purpose and intention of the statute.

*Petition dismissed.*

WALTON, DANFORTH, VIRGIN, PETERS, and LIBBEY, JJ., concurred.